UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| RIZALYN BAUTISTA, etc., et al. | CASE NO. 03-21642-CIV-SEITZ/BANDSTRA |
| PAUL PERALTA | CASE NO. 03-21643-CIV-SEITZ/BANDSTRA |
| RAYMOND LOVINO | CASE NO. 03-21644-CIV-SEITZ/BANDSTRA |
| RONALDO MARCELINO | CASE NO. 03-21645-CIV-SEITZ/BANDSTRA |
| ROLANDO TEJERO | CASE NO. 03-21646-CIV-SEITZ/BANDSTRA |
| ABDI COMEDIA | CASE NO. 03-21647-CIV-SEITZ/BANDSTRA |
| CRISTINA L. VALENZUELA, etc., et al. | CASE NO. 03-21648-CIV-SEITZ/BANDSTRA |
| MARILEN S. BERNAL, etc., et al. | CASE NO. 03-21649-CIV-SEITZ/BANDSTRA |
| WILLY I. VILLANUEVA, etc., et al. | CASE NO. 03-21650-CIV-SEITZ/BANDSTRA |
| MARIA GARCIA L. ROSAL, etc., et al. | CASE NO. 03-21651-CIV-SEITZ/BANDSTRA |

Plaintiffs,

v.

STAR CRUISES and NORWEGIAN
CRUISE LINE, LTD.,

Defendants.



FILED by _____ D.C.

AUG 1 4 2003

CLARENCE MADDOX
CLERK, U.S. DIST. CT.
S.D. OF FLA. - MIAMI

_____/

## ORDER DENYING PLAINTIFFS' EX-PARTE VERIFIED MOTION FOR TEMPORARY RESTRAINING ORDER AND AMENDED EMERGENCY, VERIFIED MOTION FOR TEMPORARY RESTRAINING ORDER
## AND
## GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY TO DEFENDANTS' RESPONSE

THIS MATTER is before the Court on Plaintiffs' Ex-Parte Verified Motion for Temporary Restraining Order, Amended Emergency, Verified Motion for Temporary Restraining Order, and Motion for Leave to File Reply to Defendants' Response. On August 11, 2003, Plaintiffs filed their ex-parte emergency motion to prevent Defendants from repatriating Plaintiffs, Abdi Comedia ("Comedia"), Ronaldo Marcelino ("Marcelino"), Raymond Lovino ("Lovino"), and Paul Peralta ("Peralta"). On August 11, 2003, the Court ordered Plaintiffs to serve Defendants with their ex-parte motion for temporary restraining order, and further ordered Defendants to respond by August 12, 2003. Defendants filed a response on August 12, 2003, and Plaintiffs filed a reply on August 13, 2003, along with a motion for leave to file a reply.

Plaintiffs assert that "[o]n August 6, 2003, Defendants faxed Plaintiffs' counsel a letter advising that the Defendants were unilaterally scheduling the repatriation of the Plaintiffs [Comedia, Marcelino, Lovino,



and Peralta] for August 12, 2003." Plaintiffs further state that "Mr. Peralta, still requires surgery. [Marcelino and Lovino] require additional medical attention for severe 2nd and 3rd degree burns suffered during the explosion of May 25, 2003." Plaintiffs contend that "[t]hese men are not at maximum medical improvement, still require treatment, and want to continue that treatment with the doctors here in Miami." Although Plaintiff Comedia "has been found to be at maximum medical improvement by his treating physicians at Jackson Memorial Hospital's Burn Unit,. . .his continued presence is crucial to the psychological well-being and recovery of his friends and co-workers still undergoing treatment."

In response, Defendants have submitted the sworn affidavit of Eunices Ramos, Senior Claims Representative for Norwegian Cruise Line Limited ("NCL"), who states that she has "reviewed the attached medical updates from C. Gillon Ward, M.D., Professor and Chief Medical Director of the University of Miami/Jackson Memorial Burn Center for crewmembers Abdi Comedia, Raymond Lovino, Paul Peralta, and Ronald Marcelino," and the records "indicate that the above listed crewmembers were either fit to travel or had reached maximum medical improvement." (Ramos Aff. ¶¶4,5). Additionally, Defendants argue that "Plaintiffs will continue to receive all necessary medical care and treatment and there is no basis for their claim that such treatment is inadequate." (Def.'s Resp. at 7).

In reply, Plaintiffs represent that Attorney Daniel Farkas, counsel for Defendants, "has agreed [Plaintiff] Peralta may remain in the U.S. for further necessary treatment." (Pl.'s Reply at 5). Plaintiffs request that they be given leave to take discovery as to Plaintiffs' current legal status, Defendant's obligation and deadlines to commence repatriation, and the available extensions by the appropriate government agencies. Plaintiffs' Counsel also indicates that he "has offered to . . . make the proper requests of [t]he INS."

To obtain a preliminary injunction, Plaintiffs must establish: (1) that there is a substantial likelihood that they will prevail on the merits; (2) that there is a real threat of irreparable injury if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm an injunction may impose on the defendant; and (4) that granting the preliminary injunction will not disserve the public interest. Suntrust Bank

v. Houghton Mifflin Co., 252 F.3d 1165, 1166 (11th Cir. 2001) (citation omitted). A preliminary injunction is "an extraordinary and drastic remedy that should not be granted unless the [plaintiff] clearly carries its burden of persuasion on each of these prerequisites." Id. at 1166.

Having reviewed Plaintiffs' motion, Defendants' response, Plaintiffs' reply, and all of the attached exhibits and affidavits, Plaintiffs have not demonstrated that there is a real threat of irreparable injury if the injunction is not granted. In fact, Plaintiffs state that "*[n]o government agency has ordered these seamen to return, furthermore it is a normal process to obtain an extension.*" (Pl.'s Reply at 4) (emphasis added). Additionally, Plaintiffs' Counsel William Huggett, in a sworn affidavit, confirms that "*[i]n this case no order has been issued by the INS or any other authority regarding Plaintiffs' return home.*" (Huggett Aff. ¶11). Moreover, Mr. Huggett states that "[u]pon information, belief and personal experience, . . .it is his opinion that if the parties affirmatively ask for an extension of time. . .to stay in the U.S. and that extension is agreed upon and requested by both the seaman and the employer, more likely than not, permission to stay within the United States for a reasonable . . . time can be obtained." (Huggett Aff. ¶10).

In sum, Plaintiffs have moved for emergency injunctive relief based on nothing more than Defense Counsel's representation in a series of August 6, 2003 letters that "arrangements are being made to repatriate [Plaintiffs] to [their] home country of the Philippines on Tuesday, August 12, 2003." Having failed to demonstrate that the INS or any other governmental entity has arranged for or ordered the immediate repatriation of Plaintiffs, immediate injunctive relief at this stage would be premature. Thus, it is hereby

ORDERED that:

(1) Plaintiffs' Ex-Parte Verified Motion for Temporary Restraining Order and Amended Emergency, Verified Motion for Temporary Restraining Order are DENIED;

(2) Plaintiffs' Motion for Leave to File Reply to Defendants' Response is GRANTED; and

(3) To promote an efficient use of the parties' resources and time, Counsel for the parties shall have until and including **August 22, 2003** to meet and file a joint status report notifying the Court of Plaintiffs'

status regarding repatriation, and any efforts that the parties have made to jointly request extensions of time from the appropriate government agencies.

DONE and ORDERED in Miami, Florida, this 13th day of August, 2003.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Magistrate Judge Ted E. Bandstra
William T. Huggett, Esq.  fax 305-539-0533
Charles L. Lipcon, Esq.  fax 305-373-6204
Harley S. Tropin, Esq.  fax 305-372-3508
Elizabeth K. Russo, Esq.  fax 305-666-4470
Curtis J. Mase, Esq.  fax 305-377-0080