FILED BY _____ D.C.

2003 OCT 10 PM 3:37

U.S. DIST. CT.
S.D. OF FLA. - MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| RIZALYN BAUTISTA, etc., et al. | CASE NO.: 03-21642-CIV-SEITZ/BANDSTRA |
| PAUL PERALTA, | CASE NO.: 03-21643-CIV-SETZ/BANDSTRA |
| RAYMOND LOVINO | CASE NO.: 03-21644-CIV-SEITZ/BANDSTRA |
| RONALDO MARCELINO | CASE NO.: 03-21645-CIV- SEITZ/BANDSTRA |
| ROLANDO TEJERO | CASE NO.: 03-21646-CIV-SEITZ/BANDSTRA |
| ABDI COMEDIA | CASE NO.: 03-21647-CIV-SEITZ/BANDSTRA |
| CRISTINA L. VALENZUELA, etc., et al. | CASE NO.: 03-21648-CIV-SEITZ/BANDSTRA |
| MARILEN S. BERNAL, etc., et al. | CASE NO.: 03-21649-CIV-SEITZ/BANDSTRA |
| WILLY I. VILLANUEVA, etc., et al. | CASE NO.: 03-21650-CIV-SEITZ/BANDSTRA |
| MARIA GRACIA L. ROSAL, etc., et al. | CASE NO.: 03-21651-CIV-SEITZ/BANDSTRA |

Plaintiffs

v.

STAR CRUISES and NORWEGIAN
CRUISE LINE, LTD.,

Defendants.
_____/

### PLAINTIFFS' MOTION TO COMPEL RULE 26(1)(A) DISCOVERY

Plaintiff moves the Court for an Order requiring the Defendant to comply with this Court's Rule 26(1)(A) request, and to produce to the Plaintiff those items concerning inspection, certifications, and repairs to the boiler in question.

Plaintiff specifically and in writing requested that the Defendant respond to questions involving other entities who worked on the boiler. A copy of that request dated September 15, 2003, is attached as Exhibit "A."

The Plaintiff has voluntarily given to the Defendant all relevant Rule 26(1)(A) materials that they know of, including birth certificates, death certificates, marriage licenses, photographs, medical records, etc. Despite multiple requests, the Defendant has failed to produce the specific information



requested.

WHEREFORE, Plaintiffs request an Order requiring the Defendant to comply with Rule(26), as well as the spirit of this Court's Order.

## MEMORANDUM OF LAW

Federal Rule 26.1 (A) states as follows:

> "Initial Disclosures. Except in categories of proceedings specified in Rule 26(a)(1)(E), Fed.R.Civ., or to the extent otherwise stipulated or directed by order, a party must comply with the disclosure obligations imposed under Rule 26(a)(1), Fed.R.Civ.P., in the form prescribed by Rule 26(a)A4), Fed.R.Civ.P."

In addition, this Court specifically overruled Defendants' Objections to ongoing production. A copy of this Court's Order of August 1, 2003, is attached a Exhibit "B."

Further, at the oral argument of August 28, 2003, the Court ordered that ongoing discovery should proceed. All of Defendants' Objections were overruled, a copy of the relevant pages of that hearing transcript are attached as exhibit "C." Defendants continue to stonewall and has produced those documents which it deems in support of their Motion to Compel Arbitration, but none of the requested items.

Plaintiffs request that this Court enter an Order requiring the Defendants to comply.

Respectfully submitted,

By: _____
Jerrold K. Wingate, Esquire
THE HUGGETT LAWFIRM
66 West Flagler Street
Suite 400
Miami, FL 33130
Telephone: (305) 371-1821

Harley S. Tropin, Esquire
KOZYAK TROPIN & THROCKMORTON
200 South Biscayne Boulevard
Suite 2800
Miami, FL 33131
Telephone: (305) 372-1800

| | |
|---|---|
| Facsimile: (305) 539-0533 | Facsimile: (305) 372-3508 |
| -and- | -and- |
| Charles L. Lipcon, Esquire<br>LIPCON, MARGULIES & ALSINA<br>Two South Biscayne Boulevard<br>Suite 2480<br>Miami, FL 33131<br>Telephone: (305) 373-3016<br>Facsimile: (305) 373-6204 | Elizabeth K. Russo, Esquire<br>RUSSO APPELLATE FIRM, P.A.<br>6101 S.W. 76th Street<br>Miami, FL 33143<br>Telephone: (305) 666-4660<br>Facsimile: (305) 6664470 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was hand delivered and faxed on this 9th day of Oct, 2003, to Curtis J. Mase, Esq., Counsel for Defendants, at Mase & Gassenheimer, P.A. 80th S.W. 8th Street, Suite 2700, Miami, FL 33130; Facsimile: (305) 377-0080.

THE HUGGETT LAWFIRM
Attorneys for Claimant,
Suite 400, Concord Building
66 West Flagler Street
Miami, Florida 33130
Telephone: (305) 371-1821

By: _____
Jerrold K. Wingate (FBN 928800)

## FAX-BACK PROGRAM SERVICE LIST

Attorneys for Plaintiff

Jerrold K. Wingate, Esq.
THE HUGGETT LAWFIRM
66 West Flagler Street
Suite 400
Miami, FL 33130
Telephone: (305) 371-1821
Facsimile: (305) 539-0533

Elizabeth K. Russo, Esq.
THE RUSSO APPELLATE FIRM
6101 S.W. 76th Street
Miami, FL 33143
Telephone: (305) 666-4660
Facsimile: (305) 666-4470

Harley S. Tropin, Esq.
KOZYAK TROPIN & THROCKMORTON
200 South Biscayne
Suite 2800
Miami, FL 33131
Telephone: (305) 372-1800
Facsimile: (305) 372-3508

Charles L. Lipcon, Esq.
LIPCON, MARGULIES & ALSINA
Two South Biscayne Boulevard
Suite 2480
Miami, FL 33131
Telephone: (305) 373-3016
Facsimile: (305) 373-6204

Attorneys for Defendant

Curtis J. Mase, Esq.
MASE & GASSENHEIMER, P.A.
80 S.W. 8th Street
Suite 2700
Miami, FL 33130
Telephone: (305) 377-3770
Facsimile: (305) 377-0080

# THE HUGGETT LAWFIRM

400 CONCORD BUILDING
66 WEST FLAGLER STREET
MIAMI, FLORIDA 33130

WILLIAM HUGGETT
JERROLD K. WINGATE

TELEPHONE: (305) 371-1821
FACSIMILE: (305) 539-0533
E-MAIL: HUGGETTLAW@AOL.COM

MARIA ELENA PARRILLA, CLAS

Monday, September 15, 2003

**_Via facsimile: (305) 377-0080_**

Curtis J. Mase, Esq.
Mase & Gassenheimer, P.A.
Brickell Bay View Center
80 Southwest 8th Street, Suite #2700
Miami, FL 33130

**_Re: SS Norway explosion of 5/25/2003_**

Dear Mr. Mase:

Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, we request the following information:

1. The name address and telephone number of the manufacturer of the boiler(s) that exploded on board the S/S Norway on May 28, 2003;

2. The name, address, and telephone number of all service and/or repair companies hired by the Defendants to service and/or repair the boiler(s) in question during the last five years;

3. The names, addresses, telephone numbers, and contact persons for any regulatory authority to which the Defendants have provided information in connection with the maintenance and/or repair of the boiler(s) in question;

4. The names, addresses, and telephone numbers for all boiler maintenance/repair experts/consultants who have been retained by the Defendants to provide information concerning boilers aboard the vessel during the five years preceding the explosion;

5. The names, addresses, telephone numbers and contact individual for any insurer, and/or P&I clubs who were contacted during the past five years concerning the conditions, maintenance, and/or repair of the boilers aboard the subject vessel.



PLAINTIFF'S EXHIBIT A

Letter to Curtis Mase, Esq.
September 11, 2003
Page 2 of 2

6. The names, addresses, telephone numbers and contact person for all Classification Societies that have inspected the S/S Norway during the past five years.

As to documents, please provide us with:

1. Copies of all service, maintenance, and/or repair requests for the boilers in question for the past five years;

2. Copies of all shipboard requests for service, maintenance and/or repair of the boiler(s) in question for the past five years.

3. Copies of all maintenance and/or repair records for the boiler(s) in question for the past five years.

4. Copies of all reports from consultants/experts hired to inspect the boiler(s) in question for the past five years.

5. Copies of all reports from all classification societies who have inspected the S/S Norway during the past five years

6. Copies of all manuals concerning the boiler(s) in question aboard the S/S Norway.

7. Copies of all documents concerning the condition of the boilers aboard the S/S Norway provided to the insurer(s) and/or P&I clubs.

Your continued cooperation in this matter is appreciated.

Yours truly,

Jerrold K. Wingate

JKW/ca

## Confirmation Report – Memory Send

```
Time      : 09-15-03  09:30am
Tel line  : 3055390533
Name      : THE HUGGETT LAWFIRM
```

| | | |
|---|---|---|
| Job number | : | 559 |
| Date | : | 09-15  09:29am |
| To | : | 3053770080 |
| Document pages | : | 02 |
| Start time | : | 09-15  09:29am |
| End time | : | 09-15  09:30am |
| Pages sent | : | 02 |
| Status | : | OK |
| Job number  : 559 | | **\*\*\* SEND SUCCESSFUL \*\*\*** |

---

### THE HUGGETT LAWFIRM
400 CONCORD BUILDING
66 WEST FLAGLER STREET
MIAMI, FLORIDA 33130

WILLIAM HUGGETT
JERROLD K. WINGATE

TELEPHONE: (305) 371-1821
FACSIMILE: (305) 539-0533
E-MAIL: HUGGETTLAW@AOL.COM

MARIA ELENA PARRILLA, CLAS

Monday, September 15, 2003

*Via facsimile: (305) 377-0080*

Curtis J. Mase, Esq.
Mase & Gassenheimer, P.A.
Brickell Bay View Center
80 Southwest 8th Street, Suite #2700
Miami, FL 33130

*Re: SS Norway explosion of 5/25/2003*

Dear Mr. Mase:

    Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, we request the following information:

1. The name, address and telephone number of the manufacturer of the boiler(s) that exploded on board the S/S Norway on May 28, 2003;

2. The name, address, and telephone number of all service and/or repair companies hired by the Defendants to service and/or repair the boiler(s) in question during the last five years;

3. The names, addresses, telephone numbers, and contact persons for any regulatory authority to which the Defendants have provided information in connection with the maintenance and/or repair of the boiler(s) in question;

4. The names, addresses, and telephone numbers for all boiler maintenance/repair experts/consultants who have been retained by the Defendants to provide information concerning boilers aboard the vessel during the five years preceding the explosion;

5. The names, addresses, telephone numbers and contact individual for any insurer, and/or P&I clubs who were contacted during the past five years concerning the conditions, maintenance, and/or repair of the boilers aboard the subject vessel.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| RIZALYN BAUTISTA, etc., et al. | CASE NO. 03-21642-CIV-SEITZ/BANDSTRA |
| PAUL PERALTA | CASE NO. 03-21643-CIV-SEITZ/BANDSTRA |
| RAYMOND LOVINO | CASE NO. 03-21644-CIV-SEITZ/BANDSTRA |
| RONALDO MARCELINO | CASE NO. 03-21645-CIV-SEITZ/BANDSTRA |
| ROLANDO TEJERO | CASE NO. 03-21646-CIV-SEITZ/BANDSTRA |
| ABDI COMEDIA | CASE NO. 03-21647-CIV-SEITZ/BANDSTRA |
| CRISTINA L. VALENZUELA, etc., et al. | CASE NO. 03-21648-CIV-SEITZ/BANDSTRA |
| MARILEN S. BERNAL, etc., et al. | CASE NO. 03-21649-CIV-SEITZ/BANDSTRA |
| WILLY I. VILLANUEVA, etc., et al. | CASE NO. 03-21650-CIV-SEITZ/BANDSTRA |
| MARIA GARCIA L. ROSAL, etc., et al. | CASE NO. 03-21651-CIV-SEITZ/BANDSTRA |

Plaintiffs,

v.

STAR CRUISES and NORWEGIAN
CRUISE LINE, LTD.,

Defendants.

FILED by ___ D.C.
AUG 1 2003
CLARENCE MADDOX
CLERK, U.S. DIST. CT.
S.D. OF FLA. - MIAMI

### ORDER DENYING DEFENDANT NORWEGIAN CRUISE LINE, LTD.'S MOTION FOR STAY
### AND
### ORDER DENYING DEFENDANTS NORWEGIAN CRUISE LINE, LTD.'S AND STAR CRUISES' MOTION FOR ENLARGEMENT OF TIME TO FILE JOINT SCHEDULING REPORT AND JOINT PROPOSED SCHEDULING ORDER AND TO MEET FOR SCHEDULING CONFERENCE

THIS MATTER is before the Court on Defendant Norwegian Cruise Line, Ltd's ("NCL") Motion for Stay, and Defendants NCL and Star Cruises' Motion for Enlargement of Time to File Joint Scheduling Report and Joint Proposed Scheduling Order and to Meet for Scheduling Conference. Defendants removed these cases from State Court on June 17, 2003, and subsequently moved to compel arbitration and to stay all discovery and scheduling orders. Defendants contend that "[f]or the parties to engage in any pretrial conference or discovery at this time is premature as the matter of the Motion to Compel Arbitration has not been resolved."

However, as Plaintiffs correctly note, "because it is the Defendant who removed these actions to federal court, [Defendant] should not be heard to complain about the necessity of timely compliance with the Federal Rules of Civil Procedure." Additionally, Plaintiffs note that in Defendant's Amended and

Page 1 of 2



PLAINTIFF'S
EXHIBIT
" B "

Received  08-12-03  04:52pm     From-30          -THE HUGGETT LAWFIRM     Page 02



Supplemental Motion for Enlargement of Time to Respond to Plaintiffs' Motions for Remand, "Defendant asserts a need to conduct discovery in this case on the issues raised by Plaintiffs' Motion for Remand." Because Defendant cannot seek discovery from Plaintiffs while at the same time seeking to stay Plaintiffs' discovery requests, and because discovery will be necessary regardless of the ultimate forum for this case, the Court will deny Defendant NCL's motion for stay. Additionally, because a scheduling conference will require the parties to meet in person and discuss the appropriate case management track for this action, and discuss the legal and factual issues arising in this matter, the Court will deny the motion for enlargement of time. Accordingly, it is hereby

ORDERED that:

(1) Defendant NCL's Motion for Stay is DENIED;

(2) Defendants NCL and Star Cruises' Motion for Enlargement of Time to File Joint Scheduling Report and Joint Proposed Scheduling Order and to Meet for Scheduling Conference is DENIED; and

(3) The parties shall have until and including August 25, 2003 to meet and file a Joint Scheduling Report and Proposed Scheduling Order. *The Joint Scheduling Report should provide specific details as to the parties' discovery plans including the document production and depositions necessary for the relevant issues.*

DONE and ORDERED in Miami, Florida, this 8th day of August, 2003.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Magistrate Judge Ted E. Bandstra
William T. Huggett, Esq. fax 305-539-0533
Charles L. Lipcon, Esq. fax 305-373-6204
Harley S. Tropin, Esq. fax 305-372-3508
Elizabeth K. Russo, Esq. fax 305-666-4470
Curtis J. Mase, Esq. fax 305-377-0080

1  here today, because without you I would not have been able to as
2  quickly get to the bottom of what the facts and the law are.  And,
3  so, you have done a public service in addition to your
4  responsibilities as members of the Department of Homeland
5  Security, whatever the various entities now are.
6              MAJOR RIVERA:  Thank you, Your Honor.
7              THE COURT:  And I realize, particularly as you all are
8  a new department and merging the other ones, it has to be very
9  stressful for you.  So, a double thank you.
10             As someone once told me, nobody likes change.  And, in
11 fact, the only person who truly delights in change is a wet baby.
12             With that, then, I believe we are back on track, with
13 one last thing to the parties.  I denied the defendant's motion to
14 stay discovery in the interest of being cost effective.
15             It appears to me that while everyone is here in one
16 location that it would behoove everyone to take statements of the
17 eyewitnesses so that it was documented; when it is as close in
18 time to the events that occurred, that it would be a good idea to
19 get down in concrete all of the medical documentation, because
20 ultimately that will have to be done in some form as a matter of
21 the arbitration.
22             My interest is to bring both sides to a fair,
23 impartial, and dispassionate resolution of this dispute, whether
24 it is here or in the Philippines, in a very efficient,
25 cost-effective manner.  I really rely on the counsel to help me

PLAINTIFF'S EXHIBIT

DAVID S.                    CIAL COURT REPORTER