UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 03-21642-CIV--SEITZ/O'SULLIVAN

RIZALYN BAUTISTA, et. al.,

    Plaintiffs,

v.

STAR CRUISES and NORWEGIAN CRUISE
LINE LTD.,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR SANCTIONS AND SETTING HEARING

This case is before the Court on Defendant Norwegian Cruise Line Limited's Motion for Sanctions [DE-193], brought pursuant to Federal Rule of Civil Procedure 11.[1] This action arises from a boiler explosion onboard the S/S Norway, a ship owned by Defendant Norwegian Cruise Line, Ltd. (NCL). Plaintiffs are four surviving seamen and the personal representatives of six seamen who died in the explosion. Nearly six years after this Court ordered Plaintiffs' claims to arbitration and four and a half years after the Eleventh Circuit affirmed that order, and despite having executed complete releases as part of a settlement, Plaintiffs filed their Omnibus Motion which sought to reopen this case, sought to have the Court vacate the order sending the claims to arbitration, and sought leave to file an amended complaint to include claims foreclosed by the releases.

As a result of Plaintiffs' Omnibus Motion, NCL moved for Rule 11 sanctions arguing that Plaintiffs' Omnibus Motion was frivolous and without merit. While the explosion caused death and horrific injuries, leading to highly charged emotions on both sides of this case, such facts and

---

[1] While it is not clear from the Motion for Sanctions against whom NCL wishes the Court to impose sanctions, based on the issues raised in the Motion for Sanctions, the Court will assume that NCL seeks sanctions against Plaintiffs' counsel and not against Plaintiffs.

emotions are no excuse for Plaintiffs' counsel's actions in this matter. As discussed below, NCL's Motion for Sanctions against counsel Toyne and Sakellis is granted because of their lack of factual candor to the Court and their failure to bring to the Court's attention controlling authority which is counter to the position they advocated in the Omnibus Motion.

**Facts and Procedural History**

**A. The Civil Action**

On May 25, 2003, the S/S Norway's steam boiler exploded, while the ship was in the port of Miami, Florida. Thereafter, each Plaintiff filed nearly identical complaints in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The complaints alleged claims for negligence under the Jones Act, unseaworthiness, failure to pay maintenance, cure, and unearned wages under the general maritime law of the United States, and punitive damages. On June 17, 2003, Defendants, NCL and Star Cruises, removed the state court actions to this Court where they were subsequently consolidated for all pretrial proceedings.[2] After extensive briefing and hearings, on October 14, 2003, the Court granted NCL's motion to compel arbitration based on a clause incorporated into Plaintiffs' employment contracts and closed the case. *Bautista v. Star Cruises*, 286 F. Supp. 2d 1352 (S.D. Fla. 2003). On January 18, 2005, the Eleventh Circuit affirmed this Court's order compelling arbitration. *Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir. 2005).

---

[2]Defendant Star Cruises, a Malaysian corporation, is alleged to be the parent of NCL. Prior to removal, Star Cruises filed Motions to Dismiss, in state court, based on improper service, lack of personal jurisdiction, and that it was an improper party to the lawsuit. Those motions were denied as moot when the Court granted the motion to compel arbitration. While Star Cruises joined in the reply to the Motion to Compel Arbitration, it continues to assert that it has never been properly served, that the Court has no jurisdiction over it, and that it is an improper party to this suit.

2

Ultimately, Plaintiffs, while represented by counsel, entered into negotiated settlements with NCL and each Plaintiff executed a release.[3] The releases were all executed in the Philippines between March 2004 and April 2005. Along the top of the front page of each release is the following warning: "READ CAREFULLY-By signing this you give up EVERY right you have." The releases all contain language stating that the plaintiff releases Defendants[4]

> from each and every right and claim which [I] now have, or may hereafter have, whether arising in tort, contract, statutory law, or any other basis of recovery arising under the laws of the Philippines, United States or any other country, on account of any and all accident/injury illness/death suffered . . . while employed by Defendants.

The releases also contained exclusive forum selection clauses, which stated:

> **In case of any dispute** [arising from this settlement agreement or the underlying injury, accident or claim] **between herein parties and/or their successors-in-interest after settlement has been voluntarily agreed upon, herein parties (on their own behalf and on behalf of their successors-in-interest) expressly agree that the dispute may only be referred back to the National Labor Relations Commission to the exclusion of any other forum in any other jurisdiction, especially the Panamanian Maritime Court or the State and Federal Courts of Florida.**

(emphasis in original). All but one of the releases also contained language whereby the Plaintiffs agreed not to continue to prosecute the instant action. After the releases were executed, Plaintiffs hired their current counsel, who sued their prior counsel for malpractice based on prior counsel's refusal of an earlier settlement offer, which was larger than the amount Plaintiffs actually received in settlement.

---

[3]At the time the releases were executed all of Plaintiffs were represented by United States counsel and some were represented by both United States and Philippine counsel. Additionally, it appears that some of the release documents were executed in Tagalog, a native language of the Philippines, as well as English.

[4]The releases released both Defendants, NCL and Star Cruises, as well as several other entities that are not parties to this suit.

3

### B. The Criminal Action

Immediately after the explosion, the National Transportation Safety Board began an investigation into the cause of the explosion. On May 2, 2008, a one count criminal information was filed against NCL, alleging that NCL operated a vessel in a grossly negligent manner in violation of 46 U.S.C. § 2302(b).[5] On May 21, 2008, NCL pled guilty to the one count misdemeanor. After entry of the plea, Plaintiffs' present counsel filed a claim in the criminal case for restitution pursuant to the Victim and Witness Protection Act, 18 U.S.C. § 3663, *et seq*. The claim sought restitution for Plaintiffs' medical expenses, the cost of emergency fire rescue response, the insurance proceeds NCL received, profits, full restitution for the victims' losses, and additional restitution to induce NCL to abandon its wrongful ways and avoid future criminal conduct. On August 13, 2008, at the restitution hearing, Judge Moreno held that criminal restitution under 18 U.S.C. § 3663 is limited to the cost of medical treatment, health care, rehabilitation services and lost wages. *See* Transcript of the Restitution Hearing filed at DE-193-2 at p. 19. After that ruling, Plaintiffs submitted a summary of the restitution amounts each Plaintiff claimed. The amount submitted for each Plaintiff listed only lost wages. Consequently, on August 18, 2008, Judge Moreno awarded restitution only for Plaintiffs' lost wages. *See* Order Requiring Restitution filed at DE-198-20. Plaintiffs did not appeal the order awarding restitution. Plaintiffs were paid in full the ordered restitution.

### C. The Omnibus Motion and Motion for Sanctions

On May 21, 2009, Plaintiffs filed their Omnibus Motion, signed by their attorney Ross B.

---

[5]The criminal case, *United States v. Norwegian Cruise Line Ltd.*, 08-CR-20396-Moreno, was also filed in the United States District Court for the Southern District of Florida.

Toyne, seeking to reopen this case, to have the Court vacate the order sending the claims to arbitration, and to file an amended complaint. In the twenty-two page Omnibus Motion [DE-177] and the eighteen page Notice of Supplemental Authority [DE-189] filed in support of the Omnibus Motion, also signed by attorney Ross B. Toyne, Plaintiffs never mentioned the releases or settlements that they had each entered into with Defendants.[6] In fact, only after NCL brought the releases and settlements to the Court's attention in its Motion for Sanctions and its response to the Omnibus Motion did Plaintiffs acknowledge the existence of the releases and settlements. In their reply to the Omnibus Motion, that Ross B. Toyne and attorney Nicholas G. Sakellis both signed, Plaintiffs then argued, with no evidentiary support, that the releases should be set aside because they were obtained fraudulently. The releases, however, clearly and unambiguously released all claims Plaintiffs had or might have had against Defendants. Thus, the Court denied the part of the Omnibus Motion that sought to supplement and amend the complaint.

Additionally, Plaintiffs' Omnibus Motion sought to have the order compelling arbitration vacated pursuant to Federal Rule of Civil Procedure 60(b)(6). Plaintiffs based their Rule 60 motion on arguments of newly discovered evidence and fraud. Despite these particular bases for Plaintiffs' arguments, Plaintiffs did not move pursuant to Federal Rule of Civil Procedure 60(b)(2) or 60(b)(3), both of which have a one year limitation period. In both their Omnibus Motion and reply, Plaintiffs ignored clear Eleventh Circuit law that prohibits a party from bringing a motion under Rule 60(b)(6) that could have been brought under Rule 60(b)(2) or (3) but is time barred by Rule 60(c). Plaintiffs did not cite to the controlling Eleventh Circuit law

---

[6]While the Omnibus Motion does refer once to "settlement discussions," nowhere in the Motion do Plaintiffs indicate that the discussions led to an actual settlement and execution of the releases.

on this issue or otherwise bring it to the Court's attention. Thus, Plaintiffs failed to accurately state the controlling law on this issue. Based on the clear Eleventh Circuit law, which procedurally barred Plaintiffs' motion to vacate, the Court denied the portion of the Omnibus Motion that sought to vacate the order compelling arbitration.

Pursuant to the "safe harbor" provision of Rule 11(c), on June 19, 2009, NCL served Plaintiffs with the Motion for Sanctions. Plaintiffs' counsel did not withdraw the Omnibus Motion. Instead, on July 24, 2009, Plaintiffs filed a Notice of Clarification [DE-190], in which Plaintiffs clarified certain errors in their Omnibus Motion. However, the Notice of Clarification did not address any of the issues raised in NCL's July 28, 2009 Motion for Sanctions. Consequently, NCL filed the Motion for Sanctions with the Court. The Motion for Sanctions asks the Court to impose sanctions on Plaintiffs based on: (1) Plaintiffs request for additional restitution after the criminal court limited the type of restitution Plaintiffs could recover and after Plaintiffs chose not to appeal the criminal court's restitution order; and (2) Plaintiffs' untimely request for relief under Rule 60(b).

**Discussion**

### A. Legal Standard

Rule 11 permits a court to impose sanctions on an attorney who presents to the court a pleading, motion, or other paper that contains claims, defenses, and other legal contentions that are not warranted by either existing law or a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. Fed. R. Civ. P. 11(b)(1). Rule 11 also permits the imposition of sanctions if the factual contentions contained in the pleading, motion, or other paper do not have evidentiary support. Fed. R. Civ P. 11(b)(2). The purpose of Rule 11

is not to deter novel legal arguments or cases of first impression but to deter frivolous lawsuits and filings. *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). "Although sanctions are warranted when the claimant exhibits a 'deliberate indifference to obvious facts,' they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law." *Id.* (citation omitted).

The Eleventh Circuit has set out the following standard for the imposition of Rule 11 sanctions:

> In this circuit, a court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous-in view of the facts or law-and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry.

*Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). Rule 11 "emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable." Fed. R. Civ. P. 11, Advisory Committee Notes, 1993 Amendments. Every lawyer is an officer of the court and, as such, in addition to his duty of diligently researching his client's case, he always has a duty of candor to the tribunal. *Burns v. Windsor Insurance, Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Therefore, "[a]ll attorneys, as 'officers of the court,' owe duties of complete candor and primary loyalty to the court before which they practice. An attorney's duty to a client can never outweigh his or her responsibility to see that our system of justice functions smoothly." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1546 (11th Cir. 1993).

In addition to the duty of candor incorporated into Rule 11, The Florida Bar's Rules of Professional Conduct also include a duty of candor to the tribunal. Rule 4-3.3 states "[a] lawyer

7

shall not knowingly . . . make a false statement of fact or law to a tribunal." Fla. Bar Rule 4-3.3(a)(1). The comment to this section states, "the lawyer must not allow the tribunal to be misled by false statements of law or fact or evidence that the lawyer knows to be false." Fla. Bar. Rule 4-3.3, cmt. Rule 4-3.3 also addresses a lawyer's obligation to disclose the controlling law. The comment expounds on this obligation, "[l]egal argument based on a knowingly false representation of law constitutes dishonesty toward the tribunal. A lawyer is not required to make a disinterested exposition of the law, but must recognize the existence of pertinent legal authorities." *Id.*

### B. Factual Findings

The Sanctions in this case are warranted for two reasons: (1) Plaintiffs' request for relief pursuant to Federal Rule of Civil Procedure 60(b)(6) was not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law and (2) Plaintiffs' counsel showed a deliberate indifference to obvious facts.[7] As set forth in detail below, Plaintiffs' counsel, who signed the Omnibus Motion and other papers, should have been aware that the motion made pursuant to Rule 60(b)(6) sought relief in direct contradiction of the law of the Eleventh Circuit. Additionally, Plaintiffs' counsel not only should have been aware but were actually aware of the existence of the settlement and releases. In addition to violating Rule 11, Plaintiffs' counsel also appears to have violated both the spirit and the letter of Rule 4-3.3 of the Rules Regulating The Florida Bar. Thus, NCL's Motion for

---

[7]NCL also moves for sanctions based on Plaintiffs' request to amend and supplement the complaint to add a claim for restitution, which NCL asserts was foreclosed by the restitution award in the criminal case. While this may be true, because the Court did not rely on the restitution arguments in denying the Omnibus Motion, the Court will not consider the merits of those arguments here.

Sanctions is granted against Plaintiffs' counsel, both Mr. Toyne, who signed the Omnibus Motion and all papers filed thereafter, and Mr. Sakellis, who signed all of Plaintiffs' papers filed subsequent to the Omnibus Motion.

*1. Relief Not Warranted By Existing Law*

There is no doubt that Plaintiffs' motion pursuant to Rule 60(b)(6) was frivolous given the existing law in the Eleventh Circuit. *See* Order Denying Relief from Prior Order and Denying Motion to Supplement or Amend Complaint, DE-228, pp. 5-8 (finding that Eleventh Circuit precedent clearly bars a party from seeking relief under Rule 60(b)(6) when the relief should have be sought pursuant to Rule 60(b)(2) and (b)(3) and if properly brought under those subsections the relief would be time-barred). Plaintiffs' counsel made no attempt in the motion or reply to distinguish Eleventh Circuit law and no arguments to attempt to extend, modify, or reverse existing law. In fact, Plaintiffs' counsel ignored the current state of the law in the Eleventh Circuit on this issue. In both the Omnibus Motion and the reply, Plaintiffs' counsel never mentioned that Eleventh Circuit law clearly barred Plaintiffs' motion pursuant to Rule 60(b)(6). There is no reason that Plaintiffs' counsel, each of whom have been admitted to the bar for fifteen years or more,[8] should not have been aware of the law in the Eleventh Circuit; basic legal research would have uncovered the current law in this circuit. Therefore, Plaintiffs' motion either lacked candor or counsel failed to make a reasonable inquiry regarding the state of the law in the Eleventh Circuit.

Moreover, not only did Plaintiffs' counsel not cite controlling law, counsel cited and

---

[8] Mr. Toyne was admitted to The Florida Bar in 1995 and the bar of this Court in 1996. Mr. Sakellis was admitted to The Florida Bar and the bar of this Court in 1992.

relied on law from other circuits to support its Rule 60(b)(6) motion, thus implying that no controlling law existed in the Eleventh Circuit. This failure to disclose controlling law combined with reliance on other circuits' law not only violates Rule 11, it also violates Rule 4-3.3 of the Rules Regulating The Florida Bar. Counsel's behavior would appear to be an attempt to mislead the Court as to the applicable law, in violation of the letter and the spirit of Rule 4-3.3. Accordingly, Plaintiffs' counsel's behavior justifies sanctions under Rule 11. *See Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir. 1991) (upholding the imposition of Rule 11 sanctions when counsel did not cite to or otherwise discuss the controlling Eleventh Circuit law in his papers filed in the district court).

### 2. *Failure to Disclose Known Material Facts*

Plaintiffs' counsel's failure to inform the Court of the existence of the settlements and signed releases, not just a material fact but *the dispositive fact* as to Plaintiffs' motion to supplement or amend the complaint, demonstrates a complete lack of candor to the Court and constitutes a "deliberate indifference to obvious facts." While Plaintiffs' counsel ultimately acknowledged the existence of the releases, first, almost in passing, in their response to the Motion for Sanctions and then in more detail in their reply to the Omnibus Motion, it was only after NCL brought the releases to the Court's attention in its Motion for Sanctions and its opposition to the Omnibus Motion. At that point, Plaintiffs' counsel had no choice but to concede their existence. There is nothing in the record that indicates that counsel was not aware of the releases at the time the Omnibus Motion was filed. In fact, the truth of the matter is that Plaintiffs' current counsel represented Plaintiffs in an action against Plaintiffs' former counsel for malpractice based on the former counsel's failure to accept a better settlement offer. Such

representation would make Plaintiffs' counsel more than aware of the existence of the settlements and releases.

As mentioned above, the first notice the Court had as to the existence of the releases was in paragraph 4 of NCL's Motion for Sanctions. *See* DE-193, p.2. Yet, in Plaintiffs' July 29, 2009 response to the Motion for Sanctions, which both Ross B. Toyne and Nicolas G. Sakellis signed, Plaintiffs' counsel cavalierly states:

> There seems little point, for example, to entertain the Defense's misguided invitation to address the fact of certain releases having been signed, when one of the many specific issues now placed before this Court in the Omnibus Motion, etc. is whether those very same releases were improperly obtained.

DE-196, p. 3. This blithe statement ignores the fact that, at the point Plaintiffs' counsel made it, Plaintiffs' had not even acknowledged the existence of the releases, let alone argued that they should be set aside based on the manner in which they were obtained. It was not until August 10, 2009, when Plaintiffs filed their reply to NCL's July 30, 2009 response to the Omnibus Motion, in which NCL brought the releases to the Court's attention and asserted that they were dispositive of many issues raised in the Omnibus Motion, that Plaintiffs first argued that the releases should be set aside for fraud. Thus, not only did Plaintiffs fail to bring the case dispositive releases to the Court's attention, but Plaintiffs did not even raise the issue of setting aside the releases until they filed their reply,[9] two weeks after having made the above statement.

---

[9]Not only did Plaintiffs' counsel's behavior violate their duty of candor, it also violated basic rules of advocacy. Rules of advocacy, and the Local Rules of the Southern District of Florida, prohibit a party from raising new matters in a reply. Clearly, Plaintiffs' argument, in the reply, that the releases should be set aside for fraud constituted new matter when Plaintiffs' initial motion did not even acknowledge the existence of the releases. Furthermore, Plaintiffs' counsel also ignored basic rules about pleading fraud with specificity and having evidence to support their fraud claims. Finally, Plaintiffs' counsel have yet to recognize the forum selection clauses contained in the releases that require any claim arising out of the explosion, settlement, or

11

Plaintiffs' counsel's continuing lack of candor and continuing indifference to obvious known facts regarding the existence of the settlements and releases clearly supports imposition of sanctions under Rule 11. *See Blackwell v. Department of Rehabilitation*, 807 F.2d 914 (11th Cir. 1987) (upholding the trial court's imposition of sanctions under Rule 11, based on a lack of candor, when counsel's initial brief in support of his motion for attorneys' fees failed to disclose the existence of releases that specifically foreclosed the motion).

### C. Sanctions Imposed

The duty of candor is an important part of our justice system for several reasons. First, as set out above, the duty of candor is an integral part of ensuring that our system of justice functions properly because first and foremost an attorney is an officer of the court, an institution whose purpose is to seek the truth in order to do justice. *See Malautea*, 987 F.2d at 1546. Second, the duty of candor is important to providing clients with an attorney's "independent professional judgment" so as to not create unreasonable client expectations, which when dashed can undermine confidence in the justice system. *See* Fla. Bar Rule 4-2.1. Third, the duty of candor helps promote judicial efficiency and avoid crowding the court's docket with frivolous actions. *See Cooter & Gell v. Hartmarx Corp.*, 469 U.S. 384, 393 (1990) (stating that the purpose of Rule 11 is to deter baseless filings in district court and streamline administration and procedure). For all of these reasons, the Court finds the following sanctions appropriate in this case.

1. As a public reprimand of Mr. Toyne and Mr. Sakellis, to deter other attorneys, and to stress the importance of the duty of candor and compliance with Rule 11, the Court will submit

---

releases to be brought in the Philippines in front of the Nation Labor Relations Commission.

this opinion for publication in the Federal Supplement, Second.

2. Because the Court has an obligation to report wrongful conduct to the bar, the Court will refer Mr. Toyne and Mr. Sakellis to the Peer Review, Attorney Admissions and Attorney Grievance Committee of the Southern District of Florida and to The Florida Bar for whatever action they deem appropriate.

3. The Court will consider the imposition of a monetary sanction against both of Plaintiffs' counsel, the amount of which will be based solely on the <u>reasonable</u> fees and costs associated with the preparation of the response to the Omnibus Motion. The Court will hold a hearing on whether such monetary sanctions should be imposed and on Plaintiffs' counsel's ability to pay such sanctions.

Accordingly, it is

ORDERED that:

1. Defendant Norwegian Cruise Line Limited's Motion for Sanctions [DE-193] is GRANTED.

2. Ross B. Toyne, Bar Number 57071, and Nicolas G. Sakellis, Bar Number 939269, are hereby referred to Samuel A. Danon, Chair, Peer Review, Attorney Admissions and Attorney Grievance Committee, Hunton & Williams, Barclay Building, Suite 2500, 111 Brickell Avenue, Miami, FL 33131, for a recommendation from that Committee as to the appropriate action, given Counsel Toyne's and Sakellis' conduct in this case.

3. Ross B. Toyne, Bar Number 57071, and Nicolas G. Sakellis, Bar Number 939269, are hereby referred to The Florida Bar, c/o Arlene Sankel, Chief, Branch Disciplinary Counsel, 444 Brickell Avenue, Suite M-100, Miami, Florida 33131, for whatever action The Florida Bar

deems appropriate under the circumstances.

4. A hearing is set for **March 25, 2010 at 2:30 p.m.** to hear arguments on whether monetary sanctions, as set out herein, should be imposed and on Plaintiffs' counsel's ability to pay any such sanctions.

5. Prior to the hearing NCL's counsel and Plaintiffs' counsel shall confer regarding the amount of the sanctions.

6. By **5:00 p.m. on March 23, 2010,** defense counsel shall submit affidavits and billing records that establish the reasonable amount of attorneys' fees and costs incurred in responding to the Omnibus Motion. By **5:00 p.m. on March 24, 2010,** Plaintiffs' counsel shall file any written responses to defense counsel's affidavit and billing records.

DONE and ORDERED in Miami, Florida, this 18th day of March, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record
Samuel A. Danon, Chair, Peer Review, Attorney Admissions and Attorney Grievance Committee, Hunton & Williams, Barclay Building, Suite 2500, 111 Brickell Avenue, Miami, FL 33131
The Florida Bar, c/o Arlene Sankel, Chief, Branch Disciplinary Counsel, 444 Brickell Avenue, Suite M-100, Miami, Florida 33131.