UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 03-21642-CIV–SEITZ/O'SULLIVAN

RIZALYN BAUTISTA, et al.,

    Plaintiffs,

vs.

STAR CRUISES and
NORWEGIAN CRUISE LINE LTD,

    Defendants.
_____/

**PLAINTIFFS' COUNSEL'S MOTION FOR RECONSIDERATION
OF ORDER GRANTING MOTION FOR SANCTIONS [DE-229]**

Plaintiffs' Counsel, Ross B. Toyne and Nicolas G. Sakellis ("Counsel"), respectfully move this Honorable Court for Reconsideration of Order Granting Motion for Sanctions ("Order") [DE-229]. As grounds for this Motion, Counsel state:

I.    **LEGAL STANDARD FOR RECONSIDERATION.**

"To prevail on a motion for reconsideration, a party generally must present at least one of 'three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.'" *Ortiz v. Celebrity Cruises Inc.*, 2009 WL 3413880, *1 (S.D. Fla., October 22, 2009) (quoting *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002)).

> The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.

*Z.K. Marine, Inc. v. M/V Archigetis,* 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983)).

A motion for reconsideration is not be used "'as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind.'"  *F.T.C. v. Capital Choice Consumer Credit, Inc.*, 2004 WL 5141452, *2 (S.D. Fla. 2004) (quoting *Brogodon v. National Healthcare Corp.,* 103 F. Supp. 2d 1332, 1338 (N.D. Ga. 2000)).

## II.   THE BASIS FOR THE ORDER.

The Order sets forth two reasons for imposing sanctions on Counsel.  First, the Order sanctions Counsel for their "lack of factual candor to the Court."  Order at 2.

> In the twenty-two page Omnibus Motion [DE-177] and the eighteen page Notice of Supplemental Authority [DE-189] filed in support of the Omnibus Motion, also signed by attorney Ross B. Toyne, Plaintiffs never mentioned the releases or settlements that they had each entered into with Defendants.  In fact, only after NCL brought the releases and settlements to the Court's attention in its Motion for Sanctions and its response to the Omnibus Motion did Plaintiffs acknowledge the existence of the releases and settlements.  In their reply to the Omnibus Motion, that Ross B. Toyne and attorney Nicholas G. Sakellis both signed, Plaintiffs then argued, with no evidentiary support, that the releases should be set aside because they were obtained fraudulently.

*Id.* at 5.

Second, the Order sanctions Counsel for "their failure to bring to the Court's attention controlling authority which is counter to the position they advocated in the Omnibus Motion."  Order at 2.

> In both their Omnibus Motion and reply, Plaintiffs ignored clear Eleventh Circuit law that prohibits a party from bringing

> a motion under Rule 60(b)(6) that could have been brought under Rule 60(b)(2) or (3) but is time barred by Rule 60(c). Plaintiffs did not cite to the controlling Eleventh Circuit law on this issue or otherwise bring it to the Court's attention. Thus, Plaintiffs failed to accurately state the controlling law on this issue.

*Id.* at 5-6.

Both Counsel and undersigned counsel hold this Court in the highest regard. It is precisely because of the respect Counsel and undersigned counsel have for this Honorable Court that they have chosen to file the instant motion. In light of this Court's reputation for fairness, and strong desire to "get it right," Counsel believe this Court will want to reconsider its Order – because neither of the two reasons for which it sanctioned Counsel are supported by the facts set forth in the record.

### III.    THE DEFENDANTS DID NOT RAISE EITHER OF THE TWO BASES UPON WHICH THIS COURT SANCTIONED COUNSEL.

Initially, it is important to note the Defendants did not rely on Counsel's failure to disclose the settlements and releases in the Omnibus Motion, nor Eleventh Circuit precedent regarding Rule 60(b)(6), in their Motion for Sanctions [DE-193]. The purpose for noting that the Defendants did not raise the grounds upon which the Court sanctioned Counsel is two-fold: to explain and justify why Counsel make arguments in this Motion for Reconsideration that where not made in the Plaintiffs' Response to the Motion for Sanctions [DE-196]; and because Counsel were not given an adequate opportunity to correct the Omnibus Motion.[1]

---

[1] To be clear, this Court does have the power to *sua sponte* sanction a litigant or counsel whom the Court believes has engaged in sanctionable conduct. Fed. R. Civ. P. 11(c)(3). It does not appear the Court's Order is grounded in Rule 11(c)(3). If it is, then pursuant to *Kaplan v. Daimlerchrysler, A.G.*, 331 F.3d 1251 (11th Cir. 2003), the Court must apply a higher standard (akin to contempt). *Id.* at 1255-56. *Accord Bernal v. All American Inv. Realty, Inc.*, 479 F. Supp. 2d 1291, 1326 (S.D. Fla. 2007) (J. Seitz).

The Defendants made two arguments in their Motion for Sanctions. First, that the claim – which Defendant defines as "*again request[ing] restitution under the VWPA*" (Motion for Sanctions, ¶ 12 (emphasis in original)) – is frivolous because the Plaintiffs "have *already requested*, received, and been expressly told they had received, all restitution to which they are entitled under the VWPA." *Id.*, ¶ 15 (emphasis in original). Defendants argued that the omission of this fact from the Omnibus Motion "alone warrants the imposition of sanctions." *Id.*, ¶ 16. Thus, the failure to mention the releases in the Omnibus Motion and Notice of Supplemental Authority is not a basis for the Defendants' Motion for Sanctions.[2]

Second, the Defendants argued that "Plaintiffs' request for relief from the original civil judgment under Rule 60(b) is also frivolous, as it is based on their claim that they were unaware that NCL 'operated the vessel knowing full well of its dangerous condition.'" Motion for Sanctions, ¶ 21. Defendants argued the Omnibus Motion was a frivolous request because Plaintiffs asserted the same claim in 2003 (*id.*, ¶ 22); because the motion for relief pursuant to Rule 60(b) must be made within one year (*id.*, ¶ 23); and because even under Rule 60(b)(6) the motion must be made within a reasonable time, and waiting a year is not a reasonable time. *Id.*, ¶¶ 24-25. The Defendants never argued that Eleventh Circuit precedent bars a party from seeking relief under Rule 60(b)(6) when relief could have been sought under Rule 60(b)(2) or (3) but would have been time-barred under those subsections. In fact, the sad irony is that while Counsel cited several cases in the Omnibus Motion which set forth the same standard articulated

---

[2] Later, in the Memorandum of Law supporting the Motion for Sanctions (at 9), the Defendants accuse Counsel of making "only a passing reference to the undisputed fact" that every plaintiff entered into settlements with the Defendants and signed releases. Even here, the Defendants do not argue a failure to disclose, but rather that the claim is frivolous because it is barred by the releases. Of course, one of the issues in the proposed Supplemental Complaint is the reformation of the releases. Moreover, by awarding restitution in the criminal case, Judge Moreno had already rejected any argument that the releases barred claims under the VWPA.

by this Court for Rule 60(b) motions brought after one year (*see, infra,* at 7), the Defendants' memorandum of law in support of the Motion for Sanctions cites no cases at all with regards to Rule 60(b)(2), (3) or (6).

### IV.     COUNSEL'S FAILURE TO DISCUSS THE SETTLEMENT AND RELEASES IN THE OMNIBUS MOTION DOES NOT JUSTIFY IMPOSITION OF SANCTIONS.

This Court erred in finding that Counsel failed "to inform the Court of the existence of the settlements and signed releases" and put the releases at issue "only after NCL brought the releases to the Court's attention in its Motion for Sanctions and its opposition to the Omnibus Motion [because] . . . [a]t that point, Plaintiffs' counsel had no choice but to concede their existence."  Order at 5, 10.

Defendant's Motion for Sanctions was filed on July 28, 2009, and its Response to the Omnibus Motion was filed on July 30, 2009 [DE-198].  Weeks earlier, Counsel had addressed the releases in Plaintiffs' Proposed Supplemental Complaint filed on July 10, 2009 [DE-188].  *See* Proposed Supplemental Complaint, ¶ 104.  In fact, Count X sought reformation of the "various settlement papers" because the Plaintiffs were "mislead into signing a release."  Proposed Supplemental Complaint, ¶ 120.  Moreover, the Proposed Supplemental Complaint alleged "[t]he scope of the releases were limited to the 'Accident' which, on the face of the documents, do not release criminal conduct."  *Id.*, ¶ 118.[3]

---

[3] This Court also noted that when discussing the releases in their reply to the response to the Omnibus Motion, Counsel "argued, with no evidentiary support, that the releases should be set aside because they were obtained fraudulently."  Order at 5.  The Court characterized this argument as improper because it was raised for the first time in a reply contrary to the Local Rules, and noted that Counsel "ignored basic rules about pleading fraud with specificity and having evidence to support their fraud claims."  Order at 11, n.9.  In light of the Proposed Supplemental Complaint, Counsel hope the Court accepts they were not attacking the releases for the very first time in the reply, as the issue had already been raised in the Proposed Supplemental Complaint.  Moreover, Counsel did not view the Omnibus Motion as a pleading requiring the specificity of a complaint.  Rather, they viewed the Omnibus Motion as a vehicle by which to reopen the civil case in the United States.  Upon reopening the case, Counsel would proceed to gather and present the evidentiary support needed to void and/or reform the releases.

Simply, there was no effort by Counsel to hide the releases from this Court.[4] To the contrary, the Proposed Supplemental Complaint recognized the need to address the releases in order to obtain relief for the Plaintiffs.[5] Counsel could have addressed the issue in the Omnibus Motion, but should not be sanctioned for not addressing Defendants' anticipated affirmative defense in the Omnibus Motion.

Counsel respectfully ask this Court to reconsider its decision imposing sanctions in light of the fact Counsel did disclose the releases to the Court weeks before Defendants filed their Motion for Sanctions and Response to the Omnibus Motion.

### V. COUNSEL SET FORTH THE RELEVANT, PRECEDENT RELIED UPON BY THIS COURT IN DENYING THE OMNIBUS MOTION, AND THEY SHOULD NOT BE SANCTIONED FOR SEEKING TO EXPAND THE APPLICATION OF RULE 60(b)(6) TO THE UNIQUE FACTS OF THE INSTANT CASE.

The Court's order denying the Omnibus Motion [DE-228] sets forth the existing state of the law in the Eleventh Circuit on Rule 60(b)(6) motions which Counsel failed to provide to the Court. The Court cited two cases in the order denying the Omnibus Motion: *Rease v. AT&T Corp.*, 2009 WL 4897738 (11th Cir. 2009) and *U.S. v. Real Property & Residence Located at Route 1, Box 111, Firetower Rd.*, 920 F.2d 788 (11th Cir. 1991). Counsel could not have cited *Rease* in the Omnibus Motion because the opinion was issued on December 21, 2009, *after* the Omnibus Motion and the Motion for Sanctions were fully briefed.

---

[4] This Court can take judicial notice that the settlement documents were provided to Judge Moreno in the criminal case. *See* Victims' Notice of Filing Exhibits (filed in Case No. 08-CR-20396-FAM [DE-24]) (a copy is attached as Exhibit "A").

[5] Likewise, the Court's description of Counsel's response to the Motion for Sanctions as "cavalier" and "blithe" is well-taken if – as the Court believed – Counsel had not previously raised the issue of reforming the releases because they had been procured by fraud upon the Plaintiffs. However, in light of the Proposed Supplemental Complaint, Counsel's argument – that there is "little point" to address the releases in the context of the Motion for Sanctions because "one of the many issues now placed before this Court in the Omnibus Motion, etc. is whether those very same releases were improperly obtained" – is correct.

Although Counsel did not cite *Real Property (Firetower Rd.)*, they cited *U.S. v. Certain Real Property Located at Route 1, Bryant, Ala.*, 126 F.3d 1314 (11th Cir. 1997), which held: "We have characterized this umbrella provision as a 'grand reservoir of equitable power to do justice in a particular case *when relief is not warranted by the preceding clauses*.'" Omnibus Motion at 7 (emphasis added).  Counsel also cited and quoted *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984), for the same proposition. *Id*.  Furthermore, Counsel cited *Klapprott v. U.S.*, 335 U.S. 601, 69 S. Ct. 384 (1949) (Omnibus Motion at 11), the only case relied upon by *Real Property (Firetower Rd.)* for the proposition that a Rule 60(b)(6) motion cannot be based on grounds found in Rule 60(b)(1)-(3).  Counsel also cited to a pre-split Fifth Circuit case, *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. Unit A, Jan. 1981), which also makes this point at note 3, citing *Klapprott*.

Thus, despite not citing *Real Property (Firetower Rd.)*, Counsel correctly set forth the existing law in the Eleventh Circuit on Rule 60(b)(6), and expressly acknowledged the very issue upon which this Court denied the Omnibus Motion: "Normally 'newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial,' for which relief may be granted under Rule 60(b)(2), is not 'any other reason' justifying relief under clause (6) of the Rule."  Omnibus Motion at 9.

Counsel wishes they had found *Real Property (Firetower Rd.)* during their legal research, but it – frankly – would have made little difference to their approach.  Counsel already understood the Eleventh Circuit and Supreme Court pronouncements regarding Rule 60(b)(6) motions, but believed that *Klapprott, Seven Elves, Griffin* and *Real Property (Bryant, Ala),* could be reconciled with *Lowe v. McGraw-Hill Cos.*, 361 F.3d 335 (7th Cir. 2004), where Judge Posner makes a spirited defense of allowing relief

pursuant to Rule 60(b)(6) even where relief is proper but untimely under (b)(1). *Id.* at 341-43. To do so, Counsel believed they had to demonstrate in the Omnibus Motion that the Plaintiffs' circumstances were sufficiently extraordinary to justify allowed relief under Rule 60(b)(6). The Omnibus Motion was an attempt to convince this Court of the extraordinary nature of the Plaintiffs' claims.

In light of the fact that (1) Counsel correctly summarized Eleventh Circuit law regarding Rule 60(b)(6) motions, and (2) even the Defendants failed to cite *Real Property (Firetower Rd.)* in their Motion for Sanctions and Response to the Omnibus Motion, this Court should reconsider the imposition of sanctions on Counsel for failing to cite *Real Property (Firetower Rd.)*.

Counsel should have, without question, more clearly explained they were making a *bona fide* effort to modify the law in the Eleventh Circuit. However, Counsel's failure to invoke this phrase expressly, especially in the absence of the Defendants raising the issue in the Motion for Sanctions, does not justify sanctions.

Counsel's effort to modify Eleventh Circuit law was not frivolous in light of Judge Posner's opinion in *Lowe v. McGraw-Hill Cos*. Here, the unrebutted record evidence establishes that Plaintiffs had no knowledge of a criminal investigation by the Coast Guard into the steam engine explosion on the SS Norway. *See* Joint Declaration (DE-205-02), at 2. The Defendants did know about the investigation, but did not reveal the existence of a criminal inquiry to the Plaintiffs. Plaintiffs had no means of learning of the criminal investigation until the Government indicted NCL. The original claims against the Defendants sounded in negligence because Defendants asserted the steam engine explosion was an accident. The criminal indictment – for the first time – apprised the Plaintiffs that the explosion was the result of intentional human actions.

Plaintiffs could not have learned his fact within a year of the settlement. As Judge Posner notes, "[i]n the typical 'extraordinary' case, illustrated by both *Liljeberg* and *Klapprott*, there just is no way the party seeking to set aside the judgment could have discovered the ground for doing so within a year of its entry." *Lowe*, at 342. In *Lowe,* the Rule 60(b) motion fell squarely within subsection (a)(1), the mistake was unknown and undiscovered for over a year. While acknowledging (b)(6) "mustn't be allowed to override the one-year limitation in Rules 60 (b)(1), (2) and (3)," Judge Posner asks: "What then is its scope [of (b)(6)]?" *Id.*

> The first five subsections seem to cover the waterfront. The only work left for (6) to do is to allow judgments to be set aside, without limitation of time, when the circumstances of its invocation are "extraordinary." *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863 n.11, 108 S. Ct. 2194 (1988); *Klapprott v. United States*, 335 U.S. 601, 613, 69 S. Ct. 384 (1949) (plurality opinion). This is fuzzy, and in tension with the cases that say that Rules 60(b)(1) and 60(b)(6) are mutually exclusive. But the purpose of a catch-all provision, as the term implies, is to avoid tying one's hands in advance, which a rule would do and only a loose standard would securely avoid doing.

*Id.* (citations omitted).

The purpose of this discussion is not to re-litigate the Court's denial of the Omnibus Motion, but to establish that Counsel had a good faith basis for arguing in favor of modifying Eleventh Circuit precedent – and did so relying on *Lowe*.

## VI.     CONCLUSION.

For the reasons set forth, Counsel respectfully ask this Court to reconsider its ruling on the Motion for Sanctions, and – upon reconsideration – deny it. In the event this Court still believes Counsel should be sanctioned under Rule 11, Counsel ask the Court to exercise its discretion and award only non-monetary penalties.

Respectfully submitted,

**DE LA O, MARKO,
MAGOLNICK & LEYTON**
Attorneys for Counsel
3001 S.W. 3rd Avenue
Miami, Florida 33129
Telephone: (305) 285-2000
Facsimile:  (305) 285-5555


By:   /s/   Miguel M. de la O
      **Miguel M. de la O**
      Florida Bar No. 0822700
      delao@dmmllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document was served this day on all counsel of record and pro se parties identified on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized matter for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

Curtis Mase, Esq., Richard Lara, Esq., Scott Mebane, Esq.
Mase Lara Eversole P.A.,
80 S.W. 8th Street, Suite 2700,
Miami, FL  33130

Stephen J. Binhak, Esq.,
Greenberg Traurig, P.A.,
1221 Brickell Avenue,
Miami, FL 33131

  /s/   Miguel M. de la O
Miguel M. de la O