UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 03-21642-CIV–SEITZ/O'SULLIVAN

RIZALYN BAUTISTA, et al.,

    Plaintiffs,
vs.

STAR CRUISES and
NORWEGIAN CRUISE LINE LTD,

    Defendants.
_____/

**COUNSEL'S RESPONSE TO NCL'S SUBMISSION
REGARDING ATTORNEYS' FEES AND COST**

Plaintiffs' Counsel, Ross B. Toyne and Nicolas G. Sakellis ("Counsel"), hereby respond to Defendant, Norwegian Cruise Line, Ltd.'s ("NCL"), submission regarding its attorneys' fees and costs incurred in responding to the Omnibus Motion.

**I.     PRELIMINARY MATTERS.**

Counsel do not contest the billing rates of the various timekeepers within NCL's submission. Counsel do contest the number of hours and the costs reasonably expended in litigating the Omnibus Motion; and, as set forth in Counsel's Motion for Reconsideration [DE232], they contest whether fees and costs should be awarded.

**II.    STANDARD FOR DETERMINING REASONABLE ATTORNEYS' FEES.**

A reasonable attorneys' fee award is calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. *See generally Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *American Civil Liberties Union of Georgia v.*

*Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, at 1303). "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Id.* Where a time entries "fails to specifically describe that legal work [] being performed," the corresponding time should be disallowed. *Eugene v. 3Don & Partner Estate Group, LLC*, 2009 WL 996016, *11 (S.D. Fla. 2009). The time entries disallowed by Judge Hurley in *Eugene* consisted of "Hearing. Trial. WPB.," *Id.*

### III.    SOME OF THE TIME BILLED BY COUNSEL FOR NCL MAY NOT BE PROPERLY COMPENSABLE.

#### A.    SOME TIME ENTRIES LACK SUFFICIENT DETAIL.

Many of NCL's counsels' time entries concerning conferences and emails lack sufficient detail as to the purpose of the communication to allow this Court to determine if the time spent was reasonably necessary and/or related to the Omnibus Motion.

| Date | Description | Hours | Amount | Atty |
|---|---|---|---|---|
| May-29-09 | Telephone call from D. Farkas; email West of England; telephone call to Star's counsel | 1.00 | 190.00 | CJM |
| Jun-22-09 | Review email of M. Kelleher; review file; review email from S. Binhak; telephone call from S. Binhak; reply email to M. Kelleher | 1.00 | 190.00 | CJM |
|  | Draft letter to M. Kelleher regarding Rule 11 motion | 0.40 | 60.00 | SPM |
| Jun-23-09 | Telephone call from S. Binhak; review Star's responsive motion; telephone call to D. Farkas; email to S. Binhak; forward email and motion to D. Farkas | 1.00 | 190.00 | CJM |
|  | Email from counsel for Star Cruises | 0.10 | 15.00 | SPM |
| Jun-24-09 | Review email from S. Binhak; review Star email; reply | 0.50 | 95.00 | CJM |
| Jul-13-09 | Review email from S. Mebane; reply | 0.20 | 38.00 | CJM |

July 22, 2009

| | Email to S. Mebane | 0.10 | 19.00 | CJM |
|---|---|---|---|---|

July 30, 2009

| | Call from D. Farkas | 0.10 | 15.00 | SPM |
|---|---|---|---|---|
| Aug-11-09 | Review email from S. Mebane | 0.10 | 19.00 | CJM |
| Aug-12-09 | Email to R. Cohen; review response; reply; review follow up response | 0.50 | 95.00 | CJM |
| Aug-19-09 | Telephone call from D. Farkas | 0.40 | 76.00 | CJM |

September 3, 2009

| | Telephone conference with D. Farkas | 0.10 | 15.00 | SPM |
|---|---|---|---|---|
| Oct-06-09 | Telephone call to D. Farkas; telephone call from D. Farkas | 0.50 | 95.00 | CJM |
| Oct-10-09 | Telephone call to J. Anderson | 0.30 | 57.00 | CJM |
| Oct-14-09 | Meeting with D. Farkas; review memo assignment | 0.50 | 95.00 | CJM |
| Oct-18-09 | Review email from S. Mebane | 0.10 | 19.00 | CJM |
| Oct-19-09 | Review email from J. Weintraub and reply | 0.30 | 57.00 | CJM |
| Oct-23-09 | Telephone call from M. Kelleher | 0.30 | 57.00 | CJM |
| Oct-26-09 | Telephone call from D. Farkas | 0.30 | 57.00 | CJM |
| Nov-16-09 | Telephone call from D. Farkas | 0.30 | 57.00 | CJM |
| Dec-02-09 | Telephone call from J. Anderson | 0.40 | 76.00 | CJM |
| Dec-15-09 | Telephone call from D. Farkas | 0.30 | 57.00 | CJM |
| Dec-17-09 | Telephone call from D. Farkas; email from D. Farkas | 0.30 | 57.00 | CJM |

| | | | | |
|---|---|---|---|---|
| Jan-04-10 | Telephone call from D. Farkas | 0.30 | 57.00 | CJM |

**Hours to reduce 8.7 * $190/hr (CJM) and .7 * $150/hr (SPM), for a total of $1,758.00.**

### B. UNREASONABLE EXPENDITURES OF TIME.

Some of the time for which NCL seeks compensation is not reasonable. For example, the following time entries all pertain to filing a motion for extension of time:[1]

July 1, 2009

| | | | |
|---|---|---|---|
| Consider supplemental filing by plaintiffs and necessity of additional time to respond | 0.70 | 105.00 | RSC |
| Prepare second unopposed motion for additional time to respond to 60(b) motion | 0.60 | 90.00 | RSC |
| Telephone call to R. Toyne regarding motion for additional time | 0.20 | 30.00 | RSC |
| Assess plaintiffs' notice of supplemental filing and consider moving for extension to file consolidated response | 0.30 | 45.00 | SPM |
| Revise motion for extension of time to file consolidated response and draft proposed order on same | 0.60 | 90.00 | SPM |

It took two lawyers 2.4 hours to "assess" and "consider" whether to file the motion, and to draft a basic, routine motion. **Hours to reduce: 2.4 * $150/hr (RSC & SPM), for a total of $360.00.**

The Omnibus Motion – and all related issues – was fully briefed before October 1, 2009.[2] Thus, it appears the following time entries are unreasonable:

October 14, 2009

| | | | |
|---|---|---|---|
| Assess plaintiff's Omnibus Motion for Relief | 0.60 | 114.00 | JDW |

---

[1] Given the number of lawyers working on this matter on behalf of NCL, it is hard to understand why an extension would be necessary to begin with; but in any event, Counsel should not be required to compensate NCL for this time.

[2] Except for litigation concerning a notice of supplemental authority filed by Counsel. Those time entries have not been included in this section.

October 18, 2009

| | | | |
|---|---|---|---|
| Analyze restitution hearing transcripts | 2.10 | 399.00 | JDW |

October 19, 2009

| | | | |
|---|---|---|---|
| Continue review of hearing restitution transcripts and research GO (b)(6) Relief | 1.60 | 304.00 | JDW |
| Review restitution order | 0.20 | 38.00 | JDW |

October 23, 2009

| | | | |
|---|---|---|---|
| Research on economic analysis memorandum for client | 2.80 | 532.00 | JDW |

| | | | | |
|---|---|---|---|---|
| Oct-24-09 | Draft executive summary on economic analysis for NCL | 3.20 | 608.00 | JDW |
| | Research on rescission of contracts in preperation of executive summary to client | 1.20 | 228.00 | JDW |
| | Research various appellate issues for executive summary to D. Farkas | 2.20 | 418.00 | JDW |
| Oct-25-09 | Reviewed medical information of all crewmen for executive summary to D. Farkas | 2.90 | 551.00 | JDW |

October 26, 2009

| | | | | |
|---|---|---|---|---|
| | Continued outlining draft of executive summary to D. Farkas | 1.90 | 361.00 | JDW |
| | Review case management plans for purposes of identifying factual, medical and damages information of claimants | 1.50 | 120.00 | PAM |
| Oct-27-09 | Meet with J. Weintraub regarding Bautista | 0.30 | 45.00 | SPM |

**Hours to reduce: 18.7 * $190/hr (JDW), 1.5 * $80/hr (PAM), and .3 * $150/hr (SPM), for a total of $3,718.00.**

**C.   SOME OF THE TIME ENTRIES PERTAIN TO THE MOTION FOR SANCTIONS.**

It is not clear if this Court means to impose monetary sanctions against Counsel for the time NCL spent litigating its motion for sanctions. The Court's order granting the

motion for sanctions [DE-229] only asked NCL to "submit affidavits and billing records that establish the reasonable amount of attorneys' fees and costs incurred in responding to the Omnibus Motion." Order at 14. In the event the Court is *not* awarding NCL the fees it expended litigating the motion for sanctions, the following time entries should be disallowed:

June 2, 2009

| Description | Hours | Amount | Atty |
|---|---|---|---|
| Consider arguments to be made in a rule 11 motion for sanctions and likelihood of success | 2.80 | 420.00 | RSC |
| Begin drafting statement of facts for Rule 11 motion | 3.30 | 495.00 | RSC |

June 3, 2009

| Date | Description | Hours | Amount | Atty |
|---|---|---|---|---|
| | Review and analyze legal authorities regarding sanctions under Rule 11 and incorporate into argument section of draft of motion for sanctions | 3.40 | 510.00 | RSC |
| Jun-04-09 | Complete initial draft of Rule 11 motion including arguments regarding newly discovered evidence and argument regarding prior ruling on entitlement to restitution; incorporate argument regarding newspaper article | 5.40 | 810.00 | RSC |
| | Revise draft Rule 11 motion | 0.70 | 105.00 | SPM |
| Jun-05-09 | Analyze Rule 11 Motion; conference with S. Mebane regarding same | 1.00 | 190.00 | CJM |
| | Confer with C. Mase regarding parameters of Rule 11 motion | 0.30 | 45.00 | SPM |

| Date | Description | Hours | Amount | Atty |
|---|---|---|---|---|
| Jun-12-09 | Review and analyze legal authorities regarding omissions of fact as basis for sanctions | 3.20 | 480.00 | RSC |
| | Review and analyze legal authorities regarding whether seeking press coverage is grounds for sanctions and under what circumstances | 2.30 | 345.00 | RSC |
| | Review and analyze legal authorities regarding successive litigation as grounds for sanctions | 2.20 | 330.00 | RSC |
| | Draft letter to Toyne and Sakellis regarding Rule 11 motion | 0.30 | 45.00 | SPM |
| | Meet with R. Cohen; advise on revisions to Rule 11 motion | 1.60 | 240.00 | SPM |
| Jun-15-09 | Assess Rule 11 and response to claimants' motion; meeting with S. Mebane | 1.00 | 190.00 | CJM |
| | Review and revise Rule 11 motion to incorporate additional factual allegations and additional legal authorities regarding omission as grounds for motion for sanctions | 2.90 | 435.00 | RSC |
| | Review file in criminal matter and prior civil claims and determine total amounts received in settlement and restitution | 0.90 | 135.00 | RSC |
| | Revise motion for sanctions | 0.40 | 60.00 | SPM |
| Jun-16-09 | Review Rule 11 motion; edit same; email to D. Farkas; draft and finalize letter to opposing counsel regarding same | 2.00 | 380.00 | CJM |
| | Revise and finalize Rule 11 motion and | 1.10 | 165.00 | SPM |

July 7, 2009

| | Assess potential benefits versus drawbacks for filing Rule 11 motion | 0.60 | 90.00 | SPM |
|---|---|---|---|---|
| Jul-08-09 | Draft reply to plaintiff's letter response to Rule 11 motion | 0.60 | 90.00 | SPM |

July 29, 2009

| | Read and assess response to Rule 11 Motion | 0.40 | 60.00 | SPM |
|---|---|---|---|---|
| Aug-04-09 | Review draft response to Rule 11 motion | 0.50 | 95.00 | CJM |
| | Prepare reply to response to motion for sanctions | 3.60 | 540.00 | RSC |
| | Revise reply to response to Rule 11 motion | 0.50 | 75.00 | SPM |

**Hours to reduce:  4.5 * $190/hr (CJM), 36.5 * $150/hr (RSC & SPM), for a total of $ 6,330.00.**

### IV. THE COSTS CLAIMED ARE NOT SUFFICIENTLY DETAILED.

Looking at the costs claimed by NCL, it is impossible to know if they are reasonably related to the Omnibus Motion because NCL's submission provides no details.  The burden rests on NCL "to submit a request for expenses that would enable the district court to determine what expenses were incurred" in the compensable litigation.  *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).

### V. CONCLUSION.

For the reasons set forth, Counsel respectfully ask this Court to not impose a monetary sanction for an amount greater than $40,230.00.

Respectfully submitted,

**DE LA O, MARKO,
MAGOLNICK & LEYTON**
Attorneys for Counsel
3001 S.W. 3rd Avenue
Miami, Florida 33129
Telephone: (305) 285-2000
Facsimile:  (305) 285-5555


By:  __/s/   Miguel M. de la O__
  **Miguel M. de la O**
  Florida Bar No. 0822700
  delao@dmmllaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on March 24, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document was served this day on all counsel of record and pro se parties identified on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized matter for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

Curtis Mase, Esq., Richard Lara, Esq., Scott Mebane, Esq.
Mase Lara Eversole P.A.,
80 S.W. 8th Street, Suite 2700,
Miami, FL  33130

Stephen J. Binhak, Esq.,
Greenberg Traurig, P.A.,
1221 Brickell Avenue,
Miami, FL 33131

                                                              /s/   Miguel M. de la O
                                                              Miguel M. de la O