UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 03-21642-CIV-SEITZ/BANDSTRA

RIZALYN BAUTISTA, Individually and
as Personal Representative of the Estate
of MARI-JOHN BAUTISTA, and all
those claiming by and through her,

    Plaintiff,
vs.

STAR CRUISES and NORWEGIAN
CRUISE LINE, LTD.,

    Defendants.
_____/

## RESPONSE IN OPPOSITION TO PLAINTIFFS' COUNSEL'S MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION FOR SANCTIONS

Defendant, Norwegian Cruise Line Ltd. ("NCL"), by and through undersigned counsel, hereby files its Response in Opposition to Plaintiffs' counsels' Motion for Reconsideration of Order Granting Motion for Sanctions [DE-232].

In their motion for reconsideration of this Court's Order sanctioning them [DE-229], Plaintiffs' counsel begin by setting forth the legal standard they must meet: "To prevail on a motion for reconsideration, a party generally must present at least one of 'three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.'" *Ortiz v. Celebrity Cruises Inc.*, 2009 WL 3423880, *1 (S.D. Fla. 2009) (quoting *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its

**MASE LARA EVERSOLE, P.A.**

prior decision." *Id*. (citing *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). Not only do the factual and legal arguments Plaintiffs set forth in support of reconsideration of the order granting sanctions fall short of being "strongly convincing"; they do not fall into any of the "three major grounds" justifying reconsideration.

Plaintiffs' counsel offer two primary reasons for vacating the Court's Order.[1] First, they deny hiding the fact that their clients fully settled their claims and released NCL; and, second, they assert that their omnibus motion was inartful, in that it failed to convey Plaintiffs' attempt to modify the current law in the Eleventh Circuit, which unequivocally barred Plaintiffs' claim. A review of the record and the facts of this case fully supports this Court's ruling on the motion for sanctions.

**A. Plaintiffs' counsel were less than candid in failing to reveal the existence of the releases executed pursuant to the settlement agreements.**

Plaintiffs' filed the omnibus motion on May 21, 2009 [DE-177]. On June 19, 2009, NCL served its motion for sanctions on Plaintiffs' counsel, pursuant to the "safe harbor" provision of Fed. R. Civ. P. 11(c). As this Court correctly pointed out, Plaintiffs' counsel failed to withdraw or amend their omnibus motion; instead they filed a notice of clarification to authorities [DE-184], a notice of filing exhibits [DE-188] and another notice of clarification [DE-190], all *prior* to NCL filing its motion for sanctions [DE-193]. These filings made after Plaintiffs were served with the sanctions motion (but before it was filed and before NCL responded to the omnibus motion) are telling. Plaintiffs' meticulous fine-tuning of obscure portions of the omnibus motion

---

[1] Plaintiffs' counsel also argue that the Court was constrained by the points raised in NCL's motion for sanctions, which did not primarily focus upon the grounds relied on by the Court in sanctioning them. The thrust of NCL's argument for sanctions was that the Plaintiffs were barred from pursuing a remedy in this case under the Victim Witness Protection Act ("VWPA"). NCL also argued that the releases, executed by the Plaintiffs years before, barred the claims, though that was not the first point it raised. However, this Court has the inherent power to sanction bad-faith conduct by parties or their counsel, regardless of whether a specific ground for sanctions was raised by motion. *See, e.g. Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *Byrne v. Nezhat*, 261 F.3d 1075 (11th Cir. 2001).

makes their utter failure to advise the Court of Plaintiffs' release and settlement of their claims with NCL transparently purposeful.

Specifically, Plaintiffs' first notice of clarification advised the Court that their citation to authorities under the Rivers and Harbors Act reflected an implied right of action for the government, not individuals. Their second notice of clarification amended various footnotes in the omnibus motion. Inexplicably, however, they ignored the patent errors pointed out by NCL in its served motion for sanctions. Moreover, while they "amended" to seemingly fine-tune their position, they ignored and failed to remedy glaring omissions, of which NCL's motion made them aware.

Plaintiffs' counsel oppose sanctions, arguing that they *did* apprise the Court of the releases, even if not in their omnibus motion. They cite to references to the releases in Plaintiffs' proposed amended complaint, an exhibit to their motion. While the proposed amended complaint indeed refers to the releases, such references are tucked away on page 35 of a total of 38 pages—beginning at numbered paragraph 116. Notably, the proposed amended complaint was the *20th and last* exhibit filed by Plaintiffs' counsel, following web pages, letters, Annual Reports, NTSB documents and a number of statutes, rules and C.F.R. provisions. Moreover, as a proposed pleading, it was not something the Court would necessarily consider in deciding whether to grant Plaintiffs' motion.

The notice of filing exhibits to omnibus motion, which contained the proposed amended complaint, is erroneous on its face. It states that the exhibits are "numbered corresponding to the footnotes [in the omnibus motion]." This is true, to a point; that point is at number 19. Although Plaintiffs' counsel stated that the exhibits correspond to references in the omnibus motion, there are not 20 footnotes in it—there are only 19; and the proposed amended complaint is the 20th

exhibit. Plaintiffs' counsel's argument that they disclosed the releases to the Court weeks before the Defendant *filed* its motion for sanctions and response to the omnibus motion is little more than a red herring, given that such disclosure was made after Defendants' motion was *served*.

Additionally, the Court appropriately recognized that Plaintiffs' counsel "ignored the basic rules about pleading fraud with specificity and having evidence to support their claims." [DE-229, p. 11, n.9.]  They attempt to gloss over such conduct in their Motion for Reconsideration by arguing that they

> did not view the Omnibus Motion as a pleading requiring the specificity of a complaint. Rather, they viewed the Omnibus Motion as a vehicle by which to reopen the civil case in the United States.  Upon reopening the case, Counsel would proceed to gather and present the evidentiary support needed to void and/or reform the releases.

[DE-232, p. 5, n.3].  If Plaintiffs' counsel "intended" to seek to void or reform the releases, at the very least, Plaintiffs' counsel should have acknowledged their existence at the outset.

In sum, the evidence overwhelmingly supports this Court's conclusion that Plaintiffs' counsel surreptitiously withheld the existence of the releases, while vigorously urging the granting of their omnibus motion.  Sanctions were appropriately levied.

**B. Plaintiffs' counsel were less than candid in failing to reveal the existence of controlling Eleventh Circuit authority that ran counter to their position.**

Plaintiffs' counsel next characterize their failure to acknowledge controlling, contrary authority as an attempt to expand the law in the Eleventh Circuit law regarding Fed. R. Civ. P. 60(b)(6).  This does not adequately justify Plaintiffs' counsel's conduct.  Acknowledging existing adverse law is consistent with an attempt to extend or modify the law.  Further, such acknowledgment is mandated by Florida Rule of Professional Conduct 4-3.3.[2] The Court's

---

[2] Rule 4-3.3 provides as follows (in relevant part): "(a) False Evidence; Duty to Disclose. A lawyer shall not knowingly: …(3) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel…"

finding that their motion "either lacked candor or counsel failed to make a reasonable inquiry regarding the state of the law in the Eleventh Circuit" was quite correct.

Although NCL did not cite *U.S. v. Real Property & Residence Located at Route 1, Box 111, Firetower Road,* 920 F.2d 788 (11th Cir. 1991), it correctly stated the law. NCL cited *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1986) for the proposition that the "Court does not have the authority to grant relief under Rule 60(b)(6) where the motion is premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." NCL's Response to Omnibus Motion [DE-198], at 7. This was the case here. Further, NCL's citation of *Liljeberg* plainly belies Plaintiffs' counsel's argument that "Defendants' memorandum of law in support of the motion for sanctions cites no cases at all with regards to Rule 60(b)(2), (3), or (6)."

In contrast, despite Plaintiffs' counsels' assertion that the omnibus motion "represent[ed] nothing other than an *exhaustively researched* and factually supported battery of well founded good faith prayers for relief, replete with *extensive citation to proper authority*," [DE-196, p. 2], they nonetheless failed to cite controlling and adverse authority. They further failed to make or suggest the argument they now put forth in their motion for reconsideration—that they were seeking a modification of the law.

As Plaintiffs' counsel ironically note, "[t]he duty to 'speak honestly' arises from the recognition that '[f]ragmentary information may be as misleading … as active misrepresentation, and half-truths may be actionable as whole lies …'partial disclosures and half truths are under some circumstances tantamount to misrepresentations of fact…'" Plaintiffs' Consolidated Reply at 7 [DE-206], citations omitted.

Plaintiffs make the argument that the circumstances here were "extraordinary," thus allowing their claims under Rule 60(b)(6). Yet they fail to identify the difference between what they sought in 2003 and what they seek now. While NCL's plea to a misdemeanor information some five years after the tragedy estops NCL from contesting liability, the quantum of damages under the theories of liability pled in 2003 and those Plaintiffs' counsel wish to plead in 2010 remains the same. As this Court aptly pointed out during the hearing, Plaintiffs have already had three bites at the apple and recouped millions in civil settlements[3] and criminal restitution.[4] To return years later, after settling all claims and long after the statute of limitations has run, while ignoring or downplaying the very existence of those settlements, exhibits something other than a good-faith effort to redress an alleged manifest injustice. Despite having an opportunity to withdraw the offending pleading, Plaintiffs' counsel failed to do so. Plaintiffs' counsel failed to act with candor towards the Court.

**C. Plaintiffs' counsel fail to meet the legal standard for reconsideration of sanctions.**

Finally, even accepting as valid the arguments raised in Plaintiffs' counsels' motion for reconsideration of sanctions, such arguments fail to meet the legal standard for reconsideration as derived from *Ortiz*, 2009 WL 3413880 at *1 and set forth at the beginning of their very motion for reconsideration. Plaintiffs fail to demonstrate that there has been an intervening change in

---

[3] It is uncontested that Plaintiffs—represented by Mr. Toyne—successfully sued their prior counsel's Estate alleging that he committed malpractice by not accepting an earlier and higher offer of settlement from NCL and further that they failed to inform this Court of that recovery. See Order Granting Plaintiffs' Motion for Approval of Settlement and Apportionment in *Peralta, et al. v. Law Office of William Huggett, P.A., et al.,* 11th Judicial Circuit Case No. 05-7329 CA 21, attached hereto as Exhibit A. It is manifest that Plaintiffs in that lawsuit had to argue that they were bound by the signed releases with NCL, otherwise they could not have sued their lawyer on the basis that they had to settle for less and thus Mr. Huggett committed malpractice. Indeed, Plaintiffs' action served to once again ratify the executed releases.

[4] Mr. Toyne continued to rely upon and ratify the releases in the criminal proceedings. See 1:08-CR-20396-FAM, [DE-17], *Memorandum on the Effect of Civil Releases and Statutes of Limitation Upon CriminalRestitution*, authored by Mr. Toyne and attached hereto as Exhibit B. In their *Memorandum*, at no point do Plaintiffs argue that the releases should be reformed or set aside. It cannot now reasonably be argued that Plaintiffs' counsel were previously unaware of any purported effect that the criminal conviction may have had upon the settlements with NCL as they failed to raise that even while in the midst of the criminal proceeding.

controlling law; the availability of new evidence; or the need to correct clear error or prevent manifest injustice. *Id.* Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (citing *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). Plaintiffs' counsel defiled their duty to refrain from asserting misleading arguments. Their present efforts to persuade the Court otherwise fall short of being "strongly convincing." The Court's Order granting sanctions is well-grounded in fact and in law and should not be disturbed.

WHEREFORE, Defendant, Norwegian Cruise Line Ltd. respectfully requests that Plaintiffs' counsels' Motion for Reconsideration be denied and that monetary sanctions be imposed.

Respectfully submitted,

MASE LARA EVERSOLE, P.A.
*Attorneys for Defendant NCLL*
2601 South Bayshore Drive
Suite 800
Miami, Florida  33133
Telephone:  (305) 377-3770
Facsimile:   (305) 377-0080

By:    /s/ SCOTT P. MEBANE
    CURTIS J. MASE
    Florida Bar No.: 478083
    cmase@mletrial.com
    SCOTT P. MEBANE
    Florida Bar No.: 273030
    smebane@mletrial.com

CASE NO.: 03-21642-CIV-SEITZ/BANDSTRA

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2010, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parities who are not authorized to received electronically Notices of Electronic Filing.

/s/ *Scott P. Mebane*
SCOTT P. MEBANE

CASE NO.: 03-21642-CIV-SEITZ/BANDSTRA

BAUTISTA ET AL. vs. NORWEGIAN CRUISE LINES
CASE NO.: 03-21642-CIV-SEITZ/BANDSTRA

**SERVICE LIST**

Ross B. Toyne, Esq.
Toyne & Mayo, P.A.
Washington Mutual Bank Building
150 S.E. 2nd Avenue, Suite 1025
Miami, FL 33131-1577
Telephone: (305) 377-1910
Facsimile: (305) 377-1915
rbtoyne@passengerlaw.com

Nicolas G. Sakellis, Esq.
Nicolas G. Sakellis, P.A.
44 West Flagler Street, Suite 750
Miami, FL 33130
Telephone: (305) 577-4221
Facsimile: (305) 577-3341
nsakellis@att.net

Miguel M. de la O, Esq.
de la O, Marko, Magolnick & Leyton
3001 S.W. 3rd Avenue
Miami, FL 33129
Telephone:(305)-285-2000
delao@delao-marko.com

**MASE LARA EVERSOLE, P.A.**